UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 23-CR-125-RC |
| v. : | |
| : | |
| GRAHAM HAUCK, : | |
| : | |
| Defendant. : | |

**PROTECTIVE ORDER**

To expedite the flow of discovery material between the parties and adequately protect personal identifying information entitled to be kept confidential in all relevant records, it is, pursuant to the Court's authority under Fed. R. Crim. P. 16(d), ORDERED:

**All Materials**

1. All of the materials (a) provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case, or (b) obtained by the defense in any fashion, whether by subpoena, voluntary disclosure, or any other method which are defined as "sensitive material" in paragraph 6, below (collectively, "the materials") are subject to this protective order ("the Order") and may be used by the defendant and defense counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. The defendant and defense counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense (such as expert witnesses), persons who are interviewed as potential witnesses, counsel for potential witnesses, persons consulted for purposes of preparing the defense, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the

defense, but with the exception of expert witnesses, may not retain copies without prior permission of the Court.

3.  The defendant, defense counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defense counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials. The defendant, defense counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

4.  Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

5.  The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except as described below.

## Sensitive Materials

6.  The United States may produce materials containing personal identifying information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure ("sensitive materials") to defense counsel, pursuant to the defendant's discovery requests.

7.  No sensitive materials, or the information contained therein, may be disclosed to any persons other than the defendant, defense counsel, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the United States and authorization from the Court. Absent prior permission from the Court,

sensitive information shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

8. Sensitive materials must be maintained in the custody and control of defense counsel. Defense counsel may show sensitive materials to the defendant as necessary to assist in preparation of the defense, however, defense counsel may not provide a copy of sensitive materials to the defendant, subject to paragraph 9 below. Moreover, if defense counsel does show sensitive materials to the defendant, defense counsel may not allow the defendant to write down any personal identifying information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure that is contained in the sensitive materials. If the defendant takes notes regarding sensitive materials, defense counsel must inspect those notes to ensure that the defendant has not copied down personal identifying information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure.

9. If defense counsel determines that, for purposes of preparing the defense of the above-captioned case, it is necessary for defendant to maintain a copy of sensitive materials containing personal identifying information, the defense counsel will notify government counsel who will provide the defense with a copy of the sensitive materials redacted of the personal identifying information, for use of defendant.

10. The procedures for use of designated sensitive materials during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose designated confidential documents in open court without prior consideration by the Court.

11.     Absent statutory authority, no party shall file such materials under seal without an order from the Court pursuant to Local Rule of Criminal Procedure 49(f)(6).

## Scope of this Order

13.     **Modification Permitted.**   Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

14.     **No Waiver**.   The failure by the United States to designate any materials or information as "sensitive" upon disclosure shall not constitute a waiver of the United States' ability to later designate the materials or information as sensitive.

15.     **No Ruling on Discoverability or Admissibility**.   This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

        SO ORDERED this _____ day of September, 2023.


                                                        _____
                                                        RUDOLPH CONTRERAS
                                                        UNITED STATES DISTRICT JUDGE